**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FILED
U.S. DISTRICT COURT
2025 SEP 16 PM 4: 23
S.D. OF N.Y.W.P.

---

CAPITAL ONE BANK (USA), N.A.,
  Plaintiff,

Federal Index No: 25 CIV. 7159 (JCP)
Removed from: City Court of Middletown
Index No.: TS-460/25

v.

SANDRA D. BELL,
  Defendant.

**PLEADING IN SUPPORT of NOTICE OF**
**REMOVAL TO FEDERAL COURT**

---

### PLEADING IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Sandra D. Bell, in proper person, respectfully submits this pleading in support of her Notice of Removal to the United States District Court for the Southern District of New York. Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removal is proper for the following reasons:

1. This matter involves a federal question under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., including Plaintiff's failure to properly respond to a billing dispute, which is a violation of federal law.

2. Plaintiff, Selip & Stylianou, LLP, acting as a third-party debt collector saying they are also Capital One Bank (USA), N.A., failed to verify the debt after Defendant sent a timely written dispute, instead proceeding to initiate a lawsuit in violation of 15 U.S.C. § 1692g(b).

3. This lawsuit arises from a billing dispute, not a refusal to pay. Defendant disputed the validity of the alleged debt and received no verified validation or original contract from Plaintiff or its representatives. Plaintiff was attempting to collect on Security Interest reported in 10 K document filed with SEC, plantiff by ignoring claim was violating their own Pooling Service Agreement.

4. Plaintiff and/or its agent may have charged off( as reported in Plantiffs Original Summons)the alleged debt, sold or securitized it through asset-backed securities, or otherwise abandoned it, resulting in multiple instances of unjust enrichment if attempting to collect again through court action.

5. Defendant has never had the opportunity to face her accuser. The Plaintiff in this case has delegated collection efforts to a third party with no direct, verified knowledge of the alleged account or transaction history.

6. Defendant invokes her federal right to due process under the Fifth and Fourteenth Amendments, as well as her right to a fair hearing under federal law.

7. This Court has original jurisdiction over claims arising under federal law, and the claims asserted by Plaintiff in the state court are inextricably linked to matters governed by federal law.

Respectfully submitted,

Sandra D. Bell
Proper Person, UCC 308 All Rights Reserved
29 South Aspen Rd,
Middletown, NY 10940

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on this _15th day of September, 2025.

*Sandra Bell*

Sandra D. Bell
Proper Person
UCC-308 All Rights Reserved

NYSCEF
Orange County Supreme Court

**Document List**

Index # **EF000950-2025**    Created on:09/15/2025 01:32 PM

Case Caption:    **CAPITAL ONE, N.A. v. SANDRA D BELL**

Judge Name:    **Mary Anne Scattaretico-Naber**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 01/28/2025 | Selip, M. |
| 2 | EXHIBIT(S) - 1<br>Redacted Charge Off Statement | Processed | 01/28/2025 | Selip, M. |
| 3 | EXHIBIT(S) - 2<br>MILITARY AFFIDAVIT | Processed | 01/28/2025 | Selip, M. |
| 4 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 03/19/2025 | Bursky-Stillman, A. - filed by Progressive Process Service |
| 5 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | Processed | 03/19/2025 | Bursky-Stillman, A. - filed by Progressive Process Service |
| 6 | NOTICE OF MOTION (Motion #1)  *Corrected*<br>corrected title on Notice | Processed | 04/08/2025 | Bell, S. (Pro Hac / Pro Se) |
| 7 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #1)<br>Defendants Answer with Affirmative Defenses and Election of Arbitration | Processed | 03/31/2025 | Bell, S. (Pro Hac / Pro Se) |
| 8 | RJI -RE: NOTICE OF MOTION (Motion #1) | Processed | 03/31/2025 | Bell, S. (Pro Hac / Pro Se) |
| 9 | NOTICE | Processed | 04/02/2025 | Court User |
| 10 | AFFIDAVIT OR AFFIRMATION IN SUPPORT (Motion #1) | Processed | 04/08/2025 | Bell, S. (Pro Hac / Pro Se) |
| 11 | ADR COURT NOTICE - RJI | Processed | 04/08/2025 | Court User |
| 12 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #1) | Processed | 04/25/2025 | Selip, M. |
| 13 | EXHIBIT(S) - A (Motion #1)<br>SUMMONS AND COMPLAINT | Processed | 04/25/2025 | Selip, M. |
| 14 | EXHIBIT(S) - B (Motion #1)<br>AFFIDAVIT OF SERVICE | Processed | 04/25/2025 | Selip, M. |
| 15 | EXHIBIT(S) - C (Motion #1)<br>CREDIT CARD AGREEMENT | Processed | 04/25/2025 | Selip, M. |
| 16 | EXHIBIT(S) - D (Motion #1)<br>BILLING STATEMENTS | Processed | 04/25/2025 | Selip, M. |
| 17 | EXHIBIT(S) - E (Motion #1)<br>DUNNING LETTER | Processed | 04/25/2025 | Selip, M. |
| 18 | PROOF OF SERVICE (Motion #1) | Processed | 04/25/2025 | Selip, M. |
| 19 | ORDER - TRANSFER - CHANGE OF VENUE | Processed | 05/14/2025 | Court User |
| 20 | OTHER COURT FILED DOCUMENT<br>letter transferring case to Middletown City Court | Processed | 05/15/2025 | Court User |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---------------------------------------------

CAPITAL ONE, N.A.

PLAINTIFF,

-AGAINST-

SANDRA D BELL

DEFENDANT.

---------------------------------------------

Plaintiff designates ORANGE County as the place of trial; the defendant resides in ORANGE County

**INDEX NUMBER:**
PURCHASE DATE:
S&S FILE NO. N496538

**SUMMONS**
Plaintiff's address: 4851 COX ROAD, GLEN ALLEN, VA 23060

The Basis of the Venue is Defendant's Residence

*CONSUMER CREDIT TRANSACTION*

*TO THE ABOVE NAMED DEFENDANT(S):*

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the state of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint, together with the costs of this action.

Dated: January 27, 2025

Selip & Stylianou, LLP
Attorneys for plaintiff
P.O. Box 9004, 199 Crossways Park Dr., Woodbury, NY 11797-9004
(516) 364-6006 ext. 8991; (866) 848-8975 ext. 8991; TTY/TRS: (516) 422-8500
Refer to S&S File No. N496538

Defendant to be served: SANDRA D BELL, 29 S ASPEN RD, MIDDLETOWN, NY 10940

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

YOURS, ETC.
Selip & Stylianou, LLP

By: _____
ANDREW ROBERTSON ESQ.

FILED: ORANGE COUNTY CLERK 01/28/2025 02:47 PM    INDEX NO. EF000950-2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/28/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------

CAPITAL ONE, N.A.
                            PLAINTIFF,          INDEX NUMBER:
-AGAINST-                                        S&S FILE NO. N496538

SANDRA D BELL                                   **COMPLAINT**
                            DEFENDANT.
-------------------------------------------------------

Plaintiff, by its attorneys, complaining of the Defendant(s), respectfully alleges that:

1.  Plaintiff is a national banking association organized pursuant to federal law.

2.  Upon information and belief, the Defendant(s) resides or has an office in the venue in which this action is brought, or the Defendant(s) transacted business within the venue in which this action is brought, either in person or through an agent, and the instant cause of action arose out of said transaction.

3.  Based upon a reasonable inquiry, the Statute of Limitations for the causes of action asserted herein has not expired.

4.  Upon information and belief based upon information received from the United States Department of Defense, Manpower Defense Data Center (a copy of which is attached), the Defendant is not an active member of any branch of the United States Military.

### FACTS

5.  A revolving credit account (hereafter the "Account") was opened in Defendant's name, subject to the terms and conditions provided, or made available in electronic format, to the Defendant (the "Agreement"). A copy of the charge-off statement is attached hereto. Plaintiff is the original creditor (as defined in NY CPLR § 105(q-1)) and owner of the Account.

6.  Defendant used the Account and incurred a balance. The last four digits of the Account number on the most recent monthly statement recording a purchase transaction, last payment, or balance transfer (the "Last Activity Statement") are 1836, and the balance owed as set forth in the Last Activity Statement was $2,867.48.

7.  Defendant breached the terms of the Agreement by failing to make the agreed-upon payments when due.

8.  Demand for payment of the Account was made on Defendant, but Defendant failed to make all the required payments. The Defendant's last payment was made on or about June 13, 2024 in the amount of $50.00.

FILED: ORANGE COUNTY CLERK 01/28/2025 02:47 PM    INDEX NO. EF000950-2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/28/2025

9. As a result of Defendant's default, the Plaintiff closed the Account and subsequently charged it off on November 19, 2024 in the amount of $3,334.75, as reflected in the attached statement, which was mailed or otherwise made available to the Defendant on or about November 19, 2024.

10. The balance currently due and owing is **$3,334.75**, itemized as follows:

| | |
|---|---|
| Balance due at time of charge-off: | $3,334.75 |
| Plus total amount of interest accrued since charge-off: | $0.00 |
| Plus total amount of non-interest charges or fees since charge-off: | $0.00 |
| Plus total amount of dishonored payments: | $0.00 |
| Less total amount of payments and/or credits since charge-off: | $0.00 |

## AS AND FOR A FIRST CAUSE OF ACTION

11. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth herein.

12. As a result of Defendant's breach of the Agreement, and after crediting Defendant for all payments and credits, there is now due and owing by Defendant to Plaintiff the sum of **$3,334.75**, no part of which has been paid despite due demand therefor.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) in the amount of **$3,334.75** together with disbursements. Plaintiff expressly disclaims any right to attorney fees that it may have.

The undersigned attorney hereby certifies that, to the best of his/her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within complaint and the contentions therein are not frivolous as defined in part 130-1.1(c) of the rules of the Chief Administrator.

Dated: JANUARY 27, 2025

YOURS, ETC.

By: _____
ANDREW ROBERTSON ESQ.
Selip & Stylianou, LLP, Attorneys for Plaintiff
199 Crossways Park Drive, Woodbury, NY 11797-9004
(516) 686-8991; (866) 848-8975 ext. 8991;
S&S File No. N496538

FILED: ORANGE COUNTY CLERK 01/28/2025 02:47 PM    INDEX NO. EF000950-2025

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 01/28/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------
CAPITAL ONE, N.A.

PLAINTIFF,

-AGAINST-

                                   **INDEX NUMBER:**

SANDRA D BELL                          S&S FILE NO. N496538

DEFENDANT.
------------------------------------------------------

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by the filing of the accompanying documents with the County Clerk via the New York State Courts Electronic Filing System ("NYSCEF"), is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

Counsel and/or parties must either: 1) immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF; or 2) file the Notice of Opt-Out form to claim one of the limited exemptions from mandatory e-filing (see below). Failure to record representation may result in an inability to receive electronic notice of any document filings. Claiming an exemption will require the exempt party to serve and be served with hard copy documents.

Counsel and unrepresented parties who intend to participate in e-filing must first create a NYSCEF account and obtain a userID and password. For additional information about electronic filing, and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Exemptions from mandatory e-filing (Section 202.5-bb(e)) are limited to:
1) attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements; and
2) parties who expect to represent themselves and who choose not to participate in e-filing. (Such parties are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action is pending.)

**Dated: January 27, 2025**

_____
Selip & Stylianou, LLP
By: ANDREW ROBERTSON ESQ., Attorney for Plaintiff
P.O. Box 9004, 199 Crossways Park Drive, Woodbury, NY 11797-9004
(516) 686-8991; (800) 293-6006 ext. 8991;

To: SANDRA D BELL, 29 S ASPEN RD, MIDDLETOWN, NY 10940

FILED: ORANGE COUNTY CLERK 01/28/2025 02:47 PM

NYSCEF DOC. NO. 2
Case 7:25-cv-07159-JGLC   Document 5   Filed 06/16/25   Page 8 of 48   EF000950-2025
RECEIVED NYSCEF: 01/28/2025

**Capital One** | QUICKSILVER
ONE

QuicksilverOne Card | World Elite Mastercard ending in 1836
Oct 20, 2024 - Nov 18, 2024  |  30 days in Billing Cycle

| Payment Information | |
|---|---|
| Payment Due Date | For online and phone payments, the deadline is 8pm ET. |
| PAST DUE | |
| New Balance | Minimum Payment Due |
| $3,334.75 | $3,334.75 |

| Account Summary | |
|---|---|
| Previous Balance | $3,255.01 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $79.74 |
| **New Balance** | **= $3,334.75** |
| Available Credit (as of Nov 18, 2024) | N/A |

## Account Notifications

ⓘ   New York residents may contact the New York State Department of Financial Services to obtain a comparative listing of credit card rates, fees, and grace periods. Contact the New York State Department of Financial Services: 1-877-226-5697 or www.dfs.ny.gov.

Pay or manage your account at capitalone.com          Customer Service: 800-227-4825          See reverse for Important Information



SANDRA D BELL
29 S ASPEN RD
MIDDLETOWN, NY 10940-6825
 իլիՈւիլիՈւիիՈււիՈիլիիՈիՈւՈիՈիիիՈիՈւիՈիւՈ

| Payment Due Date: **Past Due** | | Account ending in 1836 |
|---|---|---|

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $3,334.75 | $3,334.75 | $ _____ |

Please send us this portion of your statement and only one check (or one money order) payable to Capital One to ensure your payment is processed promptly. Allow at least seven business days for delivery.

Capital One
PO Box 981600
Boston, MA 02298-1600-00
 իկրիիկրիկիՈիՈիիՈիՈիիՈիՈիՈիՈիՈիՈիՈիՈի

1 ▇▇▇▇▇▇ 1836 18 3334750050000000000

FILED: ORANGE COUNTY CLERK 01/28/2025 02:47 PM     INDEX NO. EF000950-2025
NYSCEF DOC. NO. 2                                                                RECEIVED NYSCEF: 01/28/2025

**How can I Avoid Paying Interest Charges?** If you pay your New Balance in full by the due date each month, we will not charge interest on new transactions that post to the purchase balance. If you have been paying in full without Interest Charges, but fail to pay your next New Balance in full, we will charge interest on the unpaid balance. Interest Charges on Cash Advances and Special Transfers start on the transaction date. Promotional offers may allow you to pay less than the total New Balance and avoid paying interest on new transactions that post to your purchase balance. See the front of your statement for additional information.

**How is the Interest Charge Determined?** Interest Charges accrue from the date of the transaction, date the transaction is processed or the first day of the Billing Cycle. Interest accrues daily on every unpaid amount until it is paid in full. Interest accrued during a Billing Cycle posts to your account at the end of the Billing cycle and appears on your next statement. You may owe Interest Charges even if you pay the entire New Balance one month, but did not do so the prior month. Once you start accruing Interest Charges, you generally must pay your New Balance in full two consecutive Billing Cycles before Interest Charges stop being posted to your Statement. Interest Charges are added to the corresponding segment of your account.

**Do you assess a Minimum Interest Charge?** We may assess a minimum Interest Charge of $0.00 for each Billing Cycle if your account is subject to an Interest Charge.

**How do you Calculate the Interest Charge?** We use a method called Average Daily Balance (including new transactions).

1. First, for each segment we take the beginning balance each day and add in new transactions and the periodic Interest Charge on the previous day's balance. Then we subtract any payments and credits for that segment as of that day. The result is the daily balance for each segment. However, if your previous statement balance was zero or a credit amount, new transactions which post to your purchase segment are not added to the daily balance.

2. Next, for each segment, we add the daily balances together and divide the sum by the number of days in the Billing Cycle. The result is the Average Daily Balance for each segment.

3. At the end of each Billing Cycle, we multiply your Average Daily Balance for each segment by the daily periodic rate (APR divided by 365) for that segment, and then we multiply the result by the number of days in the Billing Cycle. We add the Interest Charges for all segments together. The result is your total Interest Charge for the Billing Cycle.

The Average Daily Balance is referred to as the Balance Subject to Interest Rate in the Interest Charge Calculation section of this Statement.

NOTE: Due to rounding or a minimum Interest Charge, this calculation may vary slightly from the Interest Charge actually assessed.

**How can I Avoid Membership Fees?** If a Renewal Notice is printed on this statement, you may avoid paying an annual membership Fee by contacting Customer Service fewer than 40 days after the annual membership Fee was assessed to request that we close your account. To avoid paying a monthly membership Fee, close your account and we will stop assessing your monthly membership Fee.

**How can I Close My Account?** You can contact Customer Service anytime to request that we close your account.

**How do you Process Payments?** When you make a payment, you authorize us to initiate an ACH or electronic payment that will be debited from your bank account or other related account. When you provide a check or check information to make a payment, you authorize us to use information from the check to make a one-time ACH or other electronic transfer from your bank account. We may also process it as a check transaction. Funds may be withdrawn from your bank account as soon as the same day we process your payment.

**How do you Apply My Payment?** We generally apply payments up to your Minimum Payment first to the balance with the lowest APR (including 0% APR), and then to balances with higher APRs. We apply any part of your payment exceeding your Minimum Payment to the balance with the highest APR, and then to balances with lower APRs.

**Billing Rights Summary (Does not Apply to Small Business Accounts)**
**What To Do If You Think You Find A Mistake On Your Statement:** If you think there is an error on your statement, write to us at:
P.O. Box 30285, Salt Lake City, UT 84130-0285.

In your letter, give us the following information:
• Account information: Your name and account number.
• Dollar amount: The amount of the suspected error.
• Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake. You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors in writing. You may call us or notify us electronically, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. We will notify you in writing within 30 days of our receipt of your letter. While we investigate whether or not there has been an error, the following are true:
• We cannot try to collect the amount in question, or report you as delinquent on that amount. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
• While you do not have to pay the amount in question until we send you a notice about the outcome of our investigation, you are responsible for the remainder of your balance.
• We can apply any unpaid amount against your credit limit. Within 90 days of our receipt of your letter, we will send you a written notice explaining either that we corrected the error (to appear on your next statement) or the reasons we believe the bill is correct.

**Your Rights If You Are Dissatisfied With Your Purchase:** If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase. To use this right, the following must be true:
1) You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify; and
2) You must not yet have fully paid for the purchase.
If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at: P.O. Box 30285, Salt Lake City, UT 84130-0285. While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

© 2023 Capital One. Capital One is a federally registered service mark

ETC-08 07/13/2023

 Pay online at capitalone.com

 Pay using the Capital One mobile app

 Customer Service 800-227-4825

**Changing your mailing address?**

You can change your address by signing into your account online or by calling Customer Service.

Any written request on this form will not be honored.

**How do I Make Payments?** You may make your payment in several ways:

1.  Online Banking by logging into your account;
2.  Capital One Mobile Banking app for approved electronic devices;
3.  Calling the telephone number listed on the front of this statement and providing the required payment information;
4.  Sending mail payments to the address on the front of this statement with the payment coupon or your account information.

**When will you Credit My Payment?**

♦ For mobile, online or over the phone, as of the business day we receive it, as long as it is made **by 8 p.m. ET.**
♦ For mail, as of the business day we receive it, as long as it is received **by 5 p.m. local time** at our processing center. You must send the bottom portion of this statement and your check to the payment address on the front of this statement. Please allow at least seven (7) business days for mail delivery. Mailed payments received by us at any other location or payments in any other form may not be credited as of the day we receive them.

FILED: ORANGE COUNTY CLERK 01/28/2025 02:47 PM

NYSCEF DOC. NO. 2

INDEX NO. EF000950-2025

RECEIVED NYSCEF: 01/28/2025

**Capital**One | QUICKSILVER
ONE

QuicksilverOne Card I World Elite Mastercard ending in 1836
Oct 20, 2024 - Nov 18, 2024 I 30 days in Billing Cycle

## Transactions

Visit capitalone.com to see detailed transactions.

**SANDRA D BELL #1836: Payments, Credits and Adjustments**

| Trans Date | Post Date | Description | Amount |
|---|---|---|---|

**SANDRA D BELL #1836: Transactions**

| Trans Date | Post Date | Description | Amount |
|---|---|---|---|

## Fees

| Trans Date | Post Date | Description | Amount |
|---|---|---|---|
| Total Fees for This Period | | | $0.00 |

## Interest Charged

| | Amount |
|---|---|
| Interest Charge on Purchases | $79.74 |
| Interest Charge on Cash Advances | $0.00 |
| Interest Charge on Other Balances | $0.00 |
| Total Interest for This Period | $79.74 |

## Totals Year-to-Date

| | |
|---|---|
| Total Fees charged | $268.00 |
| Total Interest charged | $804.14 |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charged |
|---|---|---|---|
| Purchases | 29.46% P | $3,293.39 | $79.74 |
| Cash Advances | 29.46% P | $0.00 | $0.00 |

**Variable APRs:** If you have a letter code displayed next to any of the above APRs, this means they are variable APRs. They may increase or decrease based on one of the following indices (reported in The Wall Street Journal) as described below.

| Code next to your APR(s) | How do we calculate your APR(s)? | When your APR(s) will change |
|---|---|---|
| P<br>L | Prime Rate + margin<br>3 month LIBOR + margin | The first day of the Billing Cycles that end in Jan., April, July and Oct. |
| D<br>F | Prime Rate + margin<br>1 month LIBOR + margin | The first day of each Billing Cycle |



**Protect yourself from scams.**
When dealing with uninvited contacts from people, businesses, or social networking sites, always use caution.

Scan this QR Code with your phone's camera to learn more or visit
**www.capitalone.com/stopscams**
S30480-EN

FILED: ORANGE COUNTY CLERK 01/28/2025 02:47 PM

NYSCEF DOC. NO. 2

INDEX NO. EF000950-2025

RECEIVED NYSCEF: 01/28/2025



Department of Defense Manpower Data Center

Page 12 of 48

SCRA 5.23

## Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN:              ████████8681
Birth Date:       ████████████
Last Name:        BELL
First Name:       SANDRA
Middle Name:      D
Status As Of:     Jan-28-2025
Certificate ID:   B0KV7LG3V2K61XM

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.



*1732357*

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF ORANGE

### AFFIRMATION OF SERVICE

Index no : **EF000950-2025**
Date of Purchase: **01/28/2025**
Office No: N496538

| Plaintiff(s): | **CAPITAL ONE, N.A.** |
| Defendant(s): | **SANDRA D BELL** |

STATE OF NEW YORK COUNTY OF ORANGE          ss.:
I (Felicia Powell) affirm I am over the age of 18 and reside in New York State

On **03/11/2025** at **7:05 PM**, I served the within **SUMMONS AND COMPLAINT; EXHIBIT(S); NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING** on SANDRA D BELL at 29 S ASPEN RD , MIDDLETOWN, NY 10940 in the manner indicated below:

By delivering and leaving a true copy or copies of the aformentioned documents with said **Defendant(s)** personally. At the time of such service I asked the person spoken to if they are the same person mentioned and described in the aforementioned documents as **SANDRA D BELL** the **Defendant(s)** in this action and received an affirmative reply.

The perceived description of the **Defendant(s)**, or other person served on behalf of the **Defendant(s)** is as follows:

| Sex/Gender | Color of skin/race | Color of hair | Age(Approx) | Height(Approx) | Weight(Approx) |
|---|---|---|---|---|---|
| **Female** | **Black** | **Black** | **55-65** | **5ft 4- 5ft 8** | **161-200 lbs** |
| Other Features: | | | | | |

Pursuant to CPLR 3215 (g)3, on **03/14/2025** I mailed a copy of the Summons by first-class mail to the defendants place of residence at **29 S ASPEN RD , MIDDLETOWN, NY 10940** in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt.

I affirm this 15th day of March, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Felicia Powell
Proof Technology New York LLC
1800 Gaylord St
Denver, CO 80206

Clerk: Clerk4

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** _ORANGE_

### STATEMENT OF AUTHORIZATION FOR
### ELECTRONIC FILING
### (Managing Attorney Authorizing Filing Agent Entity)

I, Alicia S. Bursky-Stillman _____, Esq., ( Attorney Registration No. 2847402 ) am the managing attorney of/attorney in charge of e-filing for _____ Selip & Stylianou, LLP _____ (the "Firm"). I hereby acknowledge and represent that the attorneys in the Firm who are authorized users of the New York State Electronic Filing System ("NYSCEF") hereby authorize any employee of _Progressive Process Service_ who possesses a NYSCEF filing agent ID to file documents on their behalf and at their direction, as a filing agent, in any e-filed matter in which they are counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which these attorneys have previously consented to e-filing or may hereafter consent, to any mandatory matter in which they have recorded their representation, and to any matter in which they authorize the filing agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which these attorneys are counsel of record, shall be deemed to accompany any document in that matter filed by the filing agent on behalf of these attorneys.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account the Firm maintains with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: October 30, 2023 _____

_____
Signature

Alicia S. Bursky-Stillman
Print Name

Woodbury, NY 11797
City, State and Zip Code

(866) 848-8975
Phone

Selip & Stylianou, LLP
_____
Firm/Department

aliciastillman@seliplaw.com
_____
E-Mail Address

199 Crossways Park Dr.
_____
Street Address

(6/6/13)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

---

Capital One
Plaintiff(s),

Index No.: EF000950-2025

v.

SANDRA D. BELL,
Defendant.

<u>NOTICE OF MOTION TO COMPEL</u>
<u>ARBITRATION AND STAY</u>
<u>PROCEEDINGS</u>

---

<u>**Consumer Credit Card transaction**</u>

PLEASE TAKE NOTICE that the Defendant, **Sandra D. Bell,** will move this Court at the Supreme Court of the State of New York, County of Orange, located at **285 Main Street, Goshen, NY 10924,** on **Friday, April 26, 2025,** or as soon thereafter as the Court can hear this motion, for an Order:

1. Compelling arbitration of this matter in accordance with the terms of the credit agreement, and

2. Staying all proceedings under the **Federal Arbitration Act (9 U.S.C. §§ 1–16)** while arbitration is conducted.

## AFFIRMATION IN SUPPORT OF MOTION

I, Sandra D. Bell, affirm under penalty of perjury:

1. I am the Defendant in this case.

2. This case involves a dispute related to a credit card account.

Sandra Bell Arbitration request          EF000950-2025                    Page 1 of 3

FILED: ORANGE COUNTY CLERK 03/31/2025 10:56 PM    INDEX NO. EF000950-2025

NYSCEF DOC. NO. 6    RECEIVED NYSCEF: 04/08/2025

3.  I believe the original agreement for the account includes a clause requiring **binding arbitration** to resolve disputes. If not I am asking the court to allow binding arbitration.

4.  I chose arbitration, and I am exercising my right under federal law.

5.  **Defendant has documentation of a timely billing dispute and other documents sent to the original creditor and is prepared to provide it to the arbitrator as evidence of her claims, should the matter proceed to arbitration.**

6.  I ask the Court to stay this court case so the matter can be handled privately and fairly through arbitration.

## RELIEF REQUESTED

I respectfully ask the Court to:

- Order this matter to **arbitration,**

- **Stay** this court case while arbitration takes place, and

- Provide any other relief the Court finds appropriate.

## VERIFICATION / AFFIRMATION STATEMENT

I, Sandra D. Bell, am the Defendant in this action. I have read the foregoing [Answer / Motion / Affirmation], and to the best of my knowledge, information, and belief, the statements contained herein are true and correct.

I make this affirmation under penalty of perjury.

Dated: _April 7, 2025_
Middletown, New York

**Sandra D. Bell**
Pro Se Defendant

Sandra Bell Arbitration request    EF000950-2025    Page 2 of 3

FILED: ORANGE COUNTY CLERK 03/31/2025 10:56 PM

NYSCEF DOC. NO. 6

INDEX NO. EF000950-2025

RECEIVED NYSCEF: 04/08/2025

3.  I believe the original agreement for the account includes a clause requiring **binding arbitration** to resolve disputes. If not I am asking the court to allow binding arbitration.

4.  I chose arbitration, and I am exercising my right under federal law.

5.  **Defendant has documentation of a timely billing dispute and other documents sent to the original creditor and is prepared to provide it to the arbitrator as evidence of her claims, should the matter proceed to arbitration.**

6.  I ask the Court to stay this court case so the matter can be handled privately and fairly through arbitration.

## RELIEF REQUESTED

I respectfully ask the Court to:

*   Order this matter to **arbitration,**

*   **Stay** this court case while arbitration takes place, and

*   Provide any other relief the Court finds appropriate.

## VERIFICATION / AFFIRMATION STATEMENT

I, Sandra D. Bell, am the Defendant in this action. I have read the foregoing [Answer / Motion / Affirmation], and to the best of my knowledge, information, and belief, the statements contained herein are true and correct.

I make this affirmation under penalty of perjury.

Dated: _April 7, 2025_
Middletown, New York

*Sandra Bell*

**Sandra D. Bell**
Pro Se Defendant

Sandra Bell Arbitration request      EF000950-2025                Page 2 of 3

NYSCEF DOC. NO. 6

RECEIVED NYSCEF: 04/08/2025

# CERTIFICATE OF SERVICE

I, **Sandra D. Bell**, declare under penalty of perjury:

That on the _7th_ day of _April_, 2025, I served a true copy of the following document(s):

Motion to Compel Arbitration and Stay Proceedings

Answer with Affirmative Defenses and Election of Arbitration

EFile

Certified Mail:
**Selip & Stylianou, LLP**
Attorneys for Plaintiff
P.O. Box 9004
199 Crossways Park Drive
Woodbury, NY 11797-9004

**Sandra D. Bell**
29 S Aspen Rd
Middletown, NY 10940
Pro Se Defendant

_Sandra Bell_     Dated _April 7, 2025_
                        April 7, 2025

I am over the age of 18 and not a party to this action.

Dated: _4/07/2025_          Notary Signature _Karima Greenidge_

Middletown, New York

KARIMA GREENIDGE
Notary Public - State of New York
NO. 01GR6390081
Qualified in Orange County
My Commission Expires Apr 8, 2027

Sandra Bell Arbitration request       EF000950-2025          Page 3 of 3

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

---

**Capital One,**
**SELIP & STYLIANOU, LLP,**
Plaintiffs,

v.

**SANDRA D. BELL**,
Defendant.

**Index No.: EF000950-2025**
S&S File No.: N496538

**Answer with Demand for**
**Arbitration and Affirmative**
**Defenses**

---

# ANSWER WITH DEMAND FOR ARBITRATION AND AFFIRMATIVE DEFENSES

**Defendant, Sandra D. Bell**, appearing **pro se**, submits the following Answer and Demand for Arbitration in response to the Complaint filed by **Plaintiffs, Capital One, Selip & Stylianou, LLP**, allegedly acting as a third-party debt collector.

## GENERAL DENIAL

Pursuant to CPLR § 3015 and § 3016, Defendant denies each and every material allegation in the Complaint and specifically denies:

1. That there exists a valid or enforceable contract between Defendant and Plaintiff.

2. That Plaintiff has standing to bring this lawsuit.

3. That Plaintiff owns or is authorized to collect any alleged debt related to the account in question.

4.   That any amount is due or owed to Plaintiff.

Defendant further states that Plaintiff has not provided sufficient documentation or proof of the alleged account, alleged charges, or lawful ownership of the alleged debt.

## SPECIFIC RESPONSES TO ALLEGATIONS

- Defendant denies that Plantiff, Selip and Stylianou, is the original creditor or owner of the alleged account, as no valid signed contract or admissible assignment document has been provided.

- Defendant denies that any credit card agreement exists between herself and Plaintiff, Selip & Stylianou, LLP.

- Defendant denies the balance alleged is accurate or legally collectible.

- Plaintiff, Selip and Stylianou, has failed to provide the required legal proof to establish a valid cause of action.

## AFFIRMATIVE DEFENSES

**1.   No Valid Contract with Plaintiff**

Defendant has never entered into any agreement or contract with Selip & Stylianou, LLP.  Said Plaintiff has failed to produce a valid, signed agreement or lawful assignment establishing a legal right to collect, despite previous request.  (Exhibit A ) Plantiff, Selip and Stylianou should reveal if

they are a third party debt collector, as their answer shows a purchase date with no date and a clause stating this communication is from a Debt collector and is an attempt to collect a debt, etc. The ambiguity confuses how and to whom defendant is responding to, which further supports the request for dispute to be handled in arbitration.

2. **Improper Standing**

Plaintiff, Selip and Stylianou lacks standing to sue as it has not proven ownership of the alleged debt or its relationship to the original creditor. The burden of proof lies with said Plaintiff to establish it has a legal right to enforce the alleged debt. (Exhibit A)

3. **Billing Dispute Ignored in Violation of TILA and FCBA**

Defendant initiated a billing dispute with the Plaintiff, Capital One, and no resolution was provided. Filing a lawsuit without properly resolving a billing dispute is a violation of the **Truth in Lending Act (TILA), 15 U.S.C. § 1666**, and the **Fair Credit Billing Act (FCBA)**, particularly under **Regulation Z, 12 CFR § 1026.13**. (Exhibit B)

4. **Violation of Fair Credit Reporting Act (FCRA)**

If Plaintiff or its agents furnished negative information related to this unresolved billing dispute to any credit reporting agencies, such actions violate the **Fair Credit Reporting Act, 15 U.S.C. § 1681s-2**, which requires accuracy and investigation of disputed accounts.

5. **Right to Arbitration**

Defendant asserts her right to **binding arbitration** as permitted under the

alleged credit agreement, law or ruling. The **Federal Arbitration Act
(FAA), 9 U.S.C. §§ 1–16**, governs such clauses and preempts state
litigation. Defendant formally demands arbitration and requests this matter
be stayed or dismissed accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Honorable Court:

1. **Dismiss the Complaint** in its entirety for lack of standing and failure to
   state a valid cause of action;

2. **Stay or compel arbitration** in accordance with the FAA and the alleged
   agreement's arbitration clause;

3. Award Defendant such other relief as the Court deems just and proper.

## VERIFICATION / AFFIRMATION STATEMENT

I, Sandra D. Bell, am the Defendant in this action. I have read the foregoing [Answer /
Motion / Affirmation], and to the best of my knowledge, information, and belief, the
statements contained herein are true and correct.

I make this affirmation under penalty of perjury.

Dated: March 31, 2025
Middletown, New York

*Sandra Bell*

**Sandra D. Bell**
Pro Se Defendant

CERTIFICATE OF SERVICE

I, **Sandra D. Bell**, declare under penalty of perjury:

That on the 31st day of _March_, 2025, I served a true copy of the following document(s):

Motion to Compel Arbitration and Stay Proceedings

Answer with Affirmative Defenses and Election of Arbitration

EFile

Mailing a certified copy addressed to:
**Selip & Stylianou, LLP**
Attorneys for Plaintiff
P.O. Box 9004
199 Crossways Park Drive
Woodbury, NY 11797-9004

**Sandra D. Bell**
29 S Aspen Rd
Middletown, NY 10940
Pro Se Defendant

_Sandra Bell_          Dated  3-31-2025

I am over the age of 18 and not a party to this action.

Dated: ___3/31/2025___          Notary Signature _____

Middletown, New York

CAROLYN POHORELY
Notary Public - State of New York
NO. 01PO6192832
Qualified in Orange County
My Commission Expires  9/2/2028

# Exhibit A

**Debt Validation and Notice of Dispute**

**January 24, 2025**

Selip & Stylianou, LLP
199 Crossways Park Drive
P.O. Box 9003
Woodbury, NY 11797-9003

**Subject:** Request for Debt Validation Pursuant to the Fair Debt Collection Practices Act (FDCPA) and Related Laws regarding Capital One

Dear Selip & Stylianou, LLP,

This letter serves as a formal notice that the alleged debt referenced in your correspondence dated December 12, 2024 is disputed and validation is requested pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692g. This notice is not a refusal to pay but a lawful request to ensure the legitimacy and accuracy of the debt claimed. Please consider the following demands and provisions:

**Validation Request**

1. **Verification of Debt:** Please provide competent evidence of the following:

   ○ Name and address of the original creditor.

   ○ Name on file for the alleged debtor.

   ○ The alleged account number.

   ○ Complete account history, including all charges, payments, and credits.

   ○ Amount of the alleged debt, itemized to show interest, fees, and other charges.

   ○ The date the alleged debt became payable and the date of the last recorded payment.

   ○ Copies of the original signed agreement or contract bearing my wet-ink signature, demonstrating my consent to the debt and its terms.

Sandra Bell Capital one                                                    Page 1 of 3

2.  **Proof of Authorization:**

    ○   Documentation showing your authority to collect this debt, including a signed agreement with your client granting collection rights, and/ or acknowledging your Third party status.

    ○   Proof of compliance with state and federal laws governing debt collection and reporting.

3.  **Fraud Investigation Requirements (if applicable):**

    ○   Verification of whether this account resulted from identity theft.

    ○   Any insurance claims filed by the original creditor regarding this account.

4.  **Verification of Reporting:**

    ○   Confirmation that all reported information is accurate and complies with the Fair Credit Reporting Act (FCRA) and FACTA.

    ○   Name, business address, and contact information of individuals or entities contacted during your investigation.

    ○   A certified audit trail of the debt entry in compliance with Generally Accepted Accounting Principles (GAAP) or other applicable standards.

**Legal Obligations and Penalties for Noncompliance**

-   Pursuant to FCRA Section 605B, inaccurate or unverifiable information must be removed from credit reports within four (4) business days upon receipt of an identity theft report.

-   Failure to validate this debt or provide the requested information within thirty (30) days will result in the following actions:

    ○   Immediate demand for deletion of the account from all credit reporting agencies.

    ○   Legal action for violations under FDCPA, FCRA, and other relevant statutes, including claims for defamation of character and emotional distress.

Sandra Bell Capital one

**Fee Schedule for Violations**

- $1,000 per invalid claim submitted.

- $1,000 per communication attempt after the debt is disputed.

- $3,756 for discrepancies under FCRA Section 609.

- $1,000 for interference with my ability to conduct commerce.

- $10,000 for intentional infliction of emotional distress or duress.

**Notice to Agent is Notice to Principal**

This letter constitutes a binding contract. Any action taken by your firm or its agents contrary to these provisions will be considered a violation of my rights and subject to legal recourse.

**Affidavit and Certification**

Under penalty of perjury, I declare that the foregoing facts within this document are true and correct to the best of my knowledge.

Thank you for your attention to this matter. I expect a written response within the legally mandated time frame. All correspondence must be sent to my address below via certified mail.

Sincerely,
Sandra-Dee: Bell  representing SANDRA DEE BELL
29 South Aspen Rd
Middletown, NY 10940


Cc: SEC (by complaint)
    Consumer Finance Protection Bureau( by complaint)

# Exhibit B

**Bell: Sandra Dee representing SANDRA BELL**
29 S Aspen Rd
Middletown, NY 10940
bellovely@yahoo.com
845-800-8409

August 30, 2024

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

Subject: **Request to Cease Collections and Legal Actions for Debt in Dispute**

Account # ~~████████████████~~

Dear Capital One,

I am writing to formally notify you that the debt associated with account number ~~████████████~~ is currently in a pending legal dispute. As such, I request th
cease all collections activities, the accrual of interest, and any legal actions related to this c
until the dispute is resolved.

redacted 

In accordance with the Fair Debt Collection Practices Act (FDCPA), which is enforced by
Consumer Financial Protection Bureau (CFPB), specifically 15 U.S.C. § 1692c(c), I reque
you:

1. **Cease all collection activities** related to this account, including but not limited to p
   calls, letters, and other communications.
2. **Stop the accrual of interest and late fees** on this account until the dispute is resol
3. **Suspend any legal actions** or proceedings related to this debt.

Section 1692c(c) of the FDCPA provides that a consumer may request that a debt collector
communication regarding a disputed debt. As the dispute is currently under review, I trust
you will comply with this provision to avoid further actions during this period.

Please acknowledge receipt of this letter and confirm that these actions have been taken. I
appreciate your prompt attention to this matter to ensure that no further actions are taken v
the dispute is ongoing. Thank you for your cooperation.

**Bell:Sandra Dee representing SANDRA DEE BELL**



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

9590 9402 8394 3156 1361 28

2. Article Number (Transfer from service label)

9589 0710 5270 1142 6101 85

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
SEP 12 2024

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9589 0710 5270 1142 6101 8

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

Case 7:25-cv-07159-JGLC    Document 5    Filed 08/16/25    Page 33 of 48    EF000950-2025



New York State Unified Court System

nycourts.gov

## Additional Notice of Lawsuit

UCS-CCR1 (04/2022)
Page **1** of **2**
nycourthelp.gov

| | |
|---|---|
| Name of Court: | **SUPREME** |
| County: | **ORANGE** |
| Street Address: | **255 MAIN ST** |
| City, State, Zip Code: | **GOSHEN, NY 10924** |

ORANGE COUNTY

APR 0 2 2025

FILED

| | |
|---|---|
| Name of Defendant: | **SANDRA D BELL** |
| Defendant Address: | **29 S ASPEN RD** |
| | **MIDDLETOWN, NY 10940** |
| Plaintiff: | CAPITAL ONE, N.A. |
| Defendant: | SANDRA D BELL |
| Original Creditor: | CAPITAL ONE, N.A. |
| Index Number: | **EF000950-2025** |

**Attention:** a lawsuit has been filed against you claiming that you owe money for an unpaid consumer debt.

You may wish to contact an attorney.

You should respond to the lawsuit as soon as possible by filing an "answer" which may be done at the court clerk's office listed above.

If you do not respond to the lawsuit, the court may enter a money judgment against you. Once entered, a judgment is good and can be used against you for twenty years, and your personal property and money, including a portion of your paycheck and/or bank account, may be taken from you. Also, a judgment may affect your credit score and can affect your ability to rent a home, find a job, or take out a loan.

You CANNOT be arrested or sent to jail for owing a debt.

Additional information can be found at the New York State Court System website.

**Sources of information and assistance:**

The court encourages you to inform yourself about your options as a defendant in this lawsuit. In addition to seeking assistance from a private attorney or legal aid office, there are free legal assistance computer programs that you can use online to help you represent yourself in this lawsuit.

For further information, or to locate a legal aid program near you, you may visit the LawHelpNY website or the New York State Court System website, which has information for representing yourself and links to other resources at:
https://www.nycourts.gov/courthelp/MoneyProblems/whenYouOwe.shtml.



ADA Accommodations
ada@nycourts.gov

Spoken or Sign Language Interpreters
interpreter@nycourts.gov

COURT Help    1-800-COURT-NY
(268-7869)

Filed in Orange County    04/02/2025  02:36:45 PM    Bk: 5161  2  Pg: 1897    Index: # EF000950-2025

FILED: ORANGE COUNTY CLERK 04/02/2025 02:36 PM

NYSCEF DOC. NO. 9

INDEX NO. EF000950-2025

RECEIVED NYSCEF: 04/02/2025



**New York State Unified Court System**

nycourts.gov

## Notificación Adicional de Demanda

UCS-CCR1 (04/2022)
Page 2 of 2
nycourthelp.gov

| | |
|---|---|
| Tribunal: | **SUPREME** |
| Condado: | **ORANGE** |
| Dirección: | **255 MAIN ST** |
| Ciudad, estado, Código postal: | **GOSHEN, NY 10924** |
| Nombre de la parte demandada: | SANDRA D BELL |
| Dirección: | 29 S ASPEN RD |
| | MIDDLETOWN, NY 10940 |
| Parte Demandante: | CAPITAL ONE, N.A. |
| Parte Demandada: | SANDRA D BELL |
| Acreedor Original: | CAPITAL ONE, N.A. |
| Número de causa: | **EF000950-2025** |

**Atención:** Se ha entablado una demanda en su contra reclamándole una deuda de consumo.

Si quiere, consulte con un abogado.

Conteste a la demanda lo antes posible al entablar una "contestación" en la secretaría del tribunal arriba mencionado.

El tribunal podría emitir un fallo monetario en su contra si no contesta la demanda. Una vez que se emita el fallo, este tendrá validez y podría usarse en su contra por 20 años y le podrían quitar sus bienes personales y dinero, incluso una porción de su sueldo y/o cuenta bancaria. También, un fallo monetario podría afectarle su puntuación crediticia y podría impactar su capacidad para alquilar una vivienda, conseguir empleo, o solicitar un préstamo.

NO se le arrestará ni encarcelará por deudas.

Para más información visite la página web del Sistema de los Tribunales del estado de Nueva York.

**Fuentes de información y ayuda:**

El tribunal le anima a informarse acerca de las opciones disponible como persona demandada. Además de buscar ayuda con abogados privados o la oficina de ayuda legal, sepa que existen programas de computadora de asesoría legal, en línea, a su disposición si se representará por derecho propio en esta demanda.

Para más información, o para localizar un programa de asesoría legal cercano a usted, visite la página web LawHelpNY o la página web del Sistema de los Tribunales del estado de Nueva York que ofrece información y enlaces para recursos de representación por derecho propio https://www.nycourts.gov/courthelp/MoneyProblems/whenYouOwe.shtml.



ADA Accommodations
ada@nycourts.gov       Spoken or Sign Language Interpreters
interpreter@nycourts.gov       COURT Help       1-800-COURT-NY
(268-7869)

# ADR COURT NOTICE

**Dear Attorney/Litigant:**

You are receiving this notice because you have a civil case pending in Supreme Court in the Ninth Judicial District. This is to advise you of the Court's Mediation Program. In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the case, but helps the parties communicate so they can try to settle the dispute themselves.

Pursuant to Part 160 of the Rules of the Chief Administrative Judge, the Court will refer your matter to mediation as early as practicable, unless an exception applies, or you show good cause to opt out at the time of referral. You may also request to be referred to mediation prior to the Court's referral. Your preemptory consent to mediation may obviate the need for a preliminary conference (*see* Section 202.12 of the Rules of the Chief Administrator of the Courts). Be advised that the first ninety (90) minutes of mediation with a certified mediator is free. Mediation is not conducted by the Court and everything that takes place during the mediation is confidential.

Mediation currently takes place virtually either using computer conference technology, such as Zoom, or telephone conferencing. If you are unable to resolve your dispute during the initial free ninety (90) minute session, but believe you are making progress towards a solution, you may continue to mediate at a rate agreed upon beforehand with the mediator and payable in equal shares by the parties. If you are ultimately unable to resolve your matter in mediation, you simply appear in court on your next court date.

We strongly encourage you to participate in mediation. Mediation often saves time and money and avoids trial. If you and the opposing party agree that you would like to voluntarily be referred to mediation, simply fill out the attached Agreement to Mediate and proposed Order of Reference and return it by email to the Alternative Dispute Resolution Coordinator, at 9JD-ADRCoordinator@nycourts.gov. The Assigned Judge will then So Order the Order of Reference to Mediation and you can begin the mediation process. Please click on the following link: **https://www.nycourts.gov/LegacyPDFs/Courts/9jd/ADR/District-Wide-Rules.pdf** in order to read through the Ninth Judicial District's ADR Rules and Procedures for more information.

**NOTE: Mediation is NOT appropriate in cases involving a history or fear of domestic violence or child abuse. If you or someone you know is in this situation, please visit www.opdv.ny.gov and get help. Mediation is also not appropriate in cases where one side is self-represented (*pro se*) and the other side is represented by counsel.**

If you have any questions, please contact the Ninth Judicial District's Alternative Dispute Resolution Coordinator by email at 9JD-ADRCoordinator@nycourts.gov.

Very truly yours,

Hon. Anne E. Minihan
Administrative Judge
Ninth Judicial District

Attachments:     Agreement to Mediate
Proposed Order of Reference
Program Objectives and Rules

# VOLUNTARY OPT IN PROGRAM'S
# AGREEMENT TO MEDIATE

1.  We understand that we are allowed one free, 90-minute initial mediation session. If we choose to continue beyond the initial 90 minutes, we, the parties, will pay the mediator at a rate agreed upon beforehand in writing.

2.  We understand that mediation is voluntary; we can choose which points to discuss and we can, with good cause, opt-out of mediation, if approved to do so by the Court.

3.  We understand that if we do not work out an issue in mediation, we can return to Court.

4.  We understand that we are free to talk with a lawyer now, before, during or after the mediation session.

5.  We understand that the mediator is not acting as a lawyer for either party and will not be giving legal advice or opinions on the law.  The mediator may share with us some legal information but that does not constitute legal advice.

6.  Except for allegations of child abuse or threats of imminent harm, we understand that whatever is said during this process is confidential.  The mediator agrees not to reveal any oral or written communications to others, including the Court, without the consent of all parties.

7.  We agree that if we do go to Court, we will not testify about what happened in the mediation.  We will not ask the mediator or the other party to give evidence about what happened in the mediation, and we will not demand anything prepared for mediation, unless it is allowed by law.

8.  We understand that the mediator shall be immune from suit to the extent allowed by law.


_____    _____
**(Case Name)**                            **(Index Number)**


_____    _____
**(Plaintiff - Signature)**                **(Defendant - Signature)**


_____    _____
**(Print name)**                           **(Print name)**


_____    _____
**(Attorney for Plaintiff - Signature)**   **(Attorney for Defendant - Signature)**


_____    _____
**(Print name)**                           **(Print name)**

_____ COURT OF THE STATE OF NEW YORK

COUNTY OF _____

PRESENT: HON.

_____

|  |  |
|---|---|
| Plaintiff/Petitioner | Index/Docket No. _____ |
| - against - | **ORDER OF REFERENCE TO MEDIATION** |
| Defendant/Respondent |  |

_____

1. On Consent of the Parties____Order of the Court____ (Check One) the above-captioned proceeding qualifies for referral to Mediation which shall be conducted in accordance with the 9th JD Presumptive Mediation Program Rules.

2. The following party(s) are exempt from the fee component of mediation based on indigent status pursuant to CPLR §1101: _____.

3. If the court has not referred this matter to a Community Dispute Resolution Center ("CDRC"), then within ten (10) business days of receipt of this Order, the Parties shall designate a Mediator from the Court's Roster of Neutrals by completing a Mediator Selection Form and forwarding same together with a copy of this Order of Reference to the Mediator selected and to the County ADR Coordinator.

4. The parties shall initiate a conference call with the Mediator to confirm the Mediator's acceptance of this case, select a meeting date for the initial session and make arrangements for any submissions to be forwarded to the Mediator

5. The initial session must be held within thirty (30) days of the date the Mediator confirms acceptance of the case and the Mediation shall be completed within forty-five (45) days of the date of this Order, unless otherwise permitted by the Court or Part.

6. The Parties shall notify the County ADR Coordinator of the date the Mediator accepted this case and the date of the initial session.

7. Parties shall exchange mandatory information based on the type of case to be mediated, as specified in the Mediation Disclosure Protocols for the particular Part, if any.

8. Upon completion of the Mediation, the parties and counsel shall submit a mediation evaluation form to

the County ADR Coordinator.

9.  The parties and counsel shall return to court on _____.

10. The attorneys for the parties herein are as follows:

For Plaintiff:_____                    For Defendant:_____

Address: _____                    Address:_____

_____                    _____

_____                    _____

Phone: _____                    Phone: _____

E-Mail: _____                    E-Mail: _____

_____                        _____

11.  By signing below, the parties and/or their counsel agree that they shall comply with the 9th JD

Presumptive Mediation Program Rules, including those provisions regarding confidentiality and immunity,

the Mediation Fee Agreement which is incorporated by reference, and any applicable Court or Part ADR

Rules.  Parties and/or their counsel further understand and agree that no attorney-client relationship

exists between the Mediator and the parties, and that the Mediator may not provide legal advice to the

parties.


_____                              _____
Signature of Plaintiff                             Signature of Defendant


_____                              _____
Signature of Counsel for Plaintiff                 Signature of Counsel for Defendant


**SO ORDERED:**

Dated:  White Plains, New York               _____
        _____, 20____                   JSC or Court-Attorney Referee

 

# TOP REASONS TO CONSIDER MEDIATION

- Mediation gives parties a meaningful process for coming up with a solution to the conflict that maximizes their interests and best meets their needs.

- Parties are more likely to keep agreements reached through mediation.

- Where parties are likely to have an ongoing relationship, there is a greater chance that the parties can maintain a positive relationship because mediation can: (a) resolve underlying issues that could not be considered by a court; and (b) provide for a future dispute resolution mechanism that parties can use should a future problem arise.

- Disputes can be resolved earlier and at less cost to the parties than traditional adversarial litigation.

- Court costs and time associated with scheduling subsequent conferences and trial preparation can be avoided.

- A judge's asking about mediation removes the fear many lawyers have in appearing to have a weak case if they are the first to suggest mediation to opposing counsel.

- Even if parties don't reach an agreement "at the table," mediation can help narrow or focus attention on the legal and factual issues truly in dispute.

- Mediation, particularly if held early, can help reduce litigation costs associated with protracted litigation.

- Mediation can help reduce the level of conflict family members may be otherwise exposed to through the traditional adversarial process.



# 9th JUDICIAL DISTRICT
# DISTRICT-WIDE PRESUMPTIVE MEDIATION
# PROGRAM RULES

## I.    OVERVIEW

Proceedings in the civil parts of the Ninth Judicial District, are eligible for presumptive mediation (the "Program"). The following Rules shall govern all cases referred to this Program in conjunction with specific approved Rules for individual Courts and Parts of court in the counties of the District. This Program does not preclude the Court from directing or referring parties to other forms of Alternative Dispute Resolution ("ADR"), including settlement conferences with court staff.

## II.    STATEMENT OF PURPOSE

The Ninth Judicial District is dedicated to fulfilling its statutory and constitutional mandate to ensure the just and efficient resolution of all matters that come before it. The Program has been developed to achieve these ends through early referral to mediation. Mediation is often faster, more convenient, less expensive, and less acrimonious, and often results in a more mutually acceptable and durable resolution than the normal course of litigation.

## III.    DEFINITIONS

Mediation. A confidential dispute resolution process in which a neutral third party - the mediator - helps parties identify issues, clarify perceptions and explore options for a mutually acceptable outcome. In this process, parties have an opportunity to communicate with each other, focus on what is important to them, and to come up with individually-tailored solutions. During mediation, each party relates his or her understanding of the dispute. The Mediator may ask the parties clarifying questions. The mediator will not give legal advice or force solutions on the parties.

Mediation often involves non-legal as well as legal issues. Parties are strongly encouraged to participate in mediation with their own attorneys. Parties may also choose to attend sessions without counsel, if all participants agree. Although the mediation process can, and often does, result in an agreement, whether to reach an agreement, and on what terms, is up to the parties themselves.

Mediator. A trained third party neutral. The Mediator is not a decision-maker. The Mediator serves as a neutral facilitator of communication and helps the parties reach resolution of the issue(s) being mediated. In this document, Mediator may also refer to a co-mediation team where

1

two (or more) such neutrals are working together to mediate a case. For the purposes of these rules, a Mediator is a neutral who has fulfilled the requirements of Part 146 of the Rules of the Chief Administrative Judge and is mediating a given case pursuant to these program rules. This is distinct from private mediators who mediate cases outside these program rules.

**Community Dispute Resolution Center**. The New York State Unified Court System partners with local non-profit organizations known as Community Dispute Resolution Center ("CDRC") to provide mediation, arbitration, and other dispute resolution options as an alternative to court. CDRCs help litigants resolve a wide range of family court disputes involving parents and children as well as child custody and visitation issues.

**Part**. A Part shall mean any branch of court so designated by Administrative Rule or any Supreme Court IAS Justice, Acting Justice, Family Court Judge, Surrogate Judge or Judicial Hearing Officer presiding over the matter assigned.

**County ADR Coordinator**. A person or entity designated to facilitate the assignment of Court proceedings to mediation and to track results of the mediation program in accordance with the Program Rules. Each County shall have at least one County ADR Coordinator to be designated by the Administrative Judge for the Ninth Judicial District. A County ADR Coordinator may include any assigned Supreme Court IAS Justice, Acting Justice, Family Court Judge, Surrogate, chambers staff, Judicial Hearing Officer, clerk, office staff or other court staff designated to review matters for ADR.

**District ADR Coordinator**. A person or entity designated by the Administrative Judge for the Ninth Judicial District to have general program oversight.

IV.    **PROCEDURES**

a.    **Mediation Initiation Process**

    i.    Pursuant to Section 160.2 of Part 160. Alternative Dispute Resolution in the Trial Courts of the Rules of the Chief Administrative Judge, referrals to mediation shall take place at the earliest practicable time unless a different time frame is provided for by the specific court or part of court in the County where the action or proceeding is brought.

    ii.    If any Party seeks to Opt Out from mediation, the Part shall determine in its discretion whether good cause exists to grant same.

    iii.    If any Party seeks an exemption from the fee component of the mediation based on indigent status pursuant to New York Civil Practice Law and Rules §1101, the Part shall make a determination on such request, with the understanding that the non-indigent party shall still be responsible for their portion of the Mediator's fee.

    iv.    If all Parties request mediation in the Mediation Initiation Form, the case shall be referred to Mediation by Order of Reference.

    v.    Once the Part determines that the case qualifies for presumptive mediation, the Part shall issue an Order of Reference or referral to a CDRC.

    b.    **Order of Reference/Referral to CDRC**:

        i.    The Part staff shall:

            1.    Refer matters to mediation by an Order of Reference or Referral to CDRC informing Parties and their counsel that the case shall undergo mediation, which shall be completed within 45 days of issuance of the Order of Reference or referral; and

            2.    Establish a date thereafter upon which to return to Court.

## V.    SELECTION OF MEDIATOR

a.    If a matter is not referred to a CDRC, then within ten (10) business days from receipt of the Order of Reference, the parties shall confer and select a Mediator from the 9th JD ROSTER or retain a private mediator from the Statewide Mediator Directory, following which, the Parties shall, before the expiration of such ten (10) business day period file with the Court the Mediator Selection Form indicating the identity of the Mediator. Parties should proceed with Mediator selection as expeditiously as possible so that if the first choice of Mediator has a conflict of interest or otherwise is unable to serve, the Parties then have sufficient time to choose an alternative Mediator within the time frame set herein.

b.    If the Parties are unable to agree on a Mediator, the Parties shall, within the same ten (10) business days from receipt of the Order of Reference, submit to the Court the Mediator Selection Form with two Mediator names per party listed, and the Court will select the Mediator from that list.

c.    If either Party does not consent to the Mediator selected by the Court under this Rule on the belief that there is a conflict of interest, the objecting party must submit a written request to the Court within five (5) days from the date of notification of the selected Mediator that includes the basis for disqualification of the Mediator. The Court may randomly select an alternative mediator or deny the request.

d.    If the Parties are unable to agree on a Mediator, and the Parties fail to submit the Mediator Selection Form in the time period prescribed above, the Court, after confirming no conflict of interest with the Mediator and that the Mediator can conduct a mediation within the required time frame under these Rules, shall then complete the Mediation Selection Form designating a Mediator from the Roster, and the Parties shall be bound by the Court's election.

e.    Parties may designate as the Mediator a person who is not a member of the Roster (i.e., a private mediation provider), but in such instance the Parties must complete the mediation process within the deadlines set forth in these Rules. Where the Parties elect to mediate with a Mediator who is not on the Roster, the fee structure shall be as agreed to by the Parties and such Mediator is not obligated to provide the first ninety minutes of the initial mediation session without compensation.

f.    If the Parties wish to choose their own Mediator who is not on the Roster, they shall inform the Part of (a) the name and contact information of the Mediator selected; and (b) date of the first session within the time frame set herein.

g.      Co-mediation may occur as part of an apprentice program when one mediator is mentoring another. Co-mediation may also occur when two mediators are appointed to the case. Apprentice mediators' time is non-compensable, whereas a Co-mediator's time is compensable, but with the understanding that Co-mediators will split the fee that would otherwise be payable to a single Mediator under these Rules.

h.      The Roster shall include mediators or mediation service providers who can provide free and reduced-fee mediation services to qualified participants.

i.      Mediators on court rosters shall list their relevant biographical information, experience, areas of expertise and any language fluency they possess.

## VI.    THE MEDIATION PROCESS

a.      **Client Preparation**: Counsel shall prepare for their case to be referred to mediation by:

   i.      Informing their clients about the Court's mediation program and its expectations and requirements.
   ii.     Identifying the information and material that may be useful to exchange with other parties in advance of mediation, including any information required to be exchanged by any discovery protocol prescribed by the Part.

b.      **Pre-mediation Memoranda**: The parties shall provide a five page-limited confidential memorandum setting forth their view as to the facts, the issues that are in dispute, suggestions as to how the matter might be resolved, as well as such other information concerning the litigation as the mediator deems necessary for the effective negotiation and resolution of the issues. No portion of the confidential memorandum shall be disclosed to the Court, nor, unless otherwise agreed by the parties, to any other party to the proceeding. Any departure from the requirements set forth herein may be authorized by the Part or the Mediator.

c.      **Pre-mediation Conference Calls**: The Mediator may request a conference call regarding any preliminary matters and may thereafter meet or speak privately with any Party and their respective counsel prior to or during a mediation session.

d.      **Location of Mediation Sessions**: The initial mediation and any subsequent session shall take place at the mediator's office, unless a different location is identified in another specific court sponsored mediation program or otherwise agreed to by the Mediator and the parties that permits the effective conduct of the mediation and preserves confidentiality and safety.

e.      **Informed Consent**: At the beginning of the initial session, the Mediator shall:

   i.      Explain to all parties that all communications are governed by the Confidentiality provisions of these Rules
   ii.     Explain that any party may, during the initial session or at any time thereafter, end the mediation process and return to Court

4

    iii.    Request that all Parties acknowledge in writing that they were informed of and understand the voluntary and confidential nature of the mediation process. A Mediation Participant Statement of Understanding shall be sent to the Mediator and the Parties by the Part after the Mediator selection has been confirmed.

f.    **Caucus**: At any point in the process either Party, their counsel, or the Mediator may suggest meeting separately with the mediator in caucus. During the caucus, the Mediator may explore how that party views the dispute and the impact of any proposed solutions. The Mediator keeps confidential the information discussed in caucus unless the Party permits disclosure.

g.    **Time to Complete Mediation**: Unless otherwise permitted by the Part, the parties shall complete the mediation process within forty-five (45) days of issuance of the Order of Reference.

h.    **Mediator Report**: Within five (5) business days after the conclusion of the mediation sessions, the Mediator shall send a Report of Mediator Form ("Mediator Report") to the Court that states:

    i.    The date of the initial session and whether each Party and counsel appeared at the initial session;
    ii.    The dates of any subsequent sessions that were held, but not whether parties appeared; and
    iii.    Whether the parties reached partial, complete, or no agreement on the issues.

i.    **Mediation Survey**: Following the conclusion of the mediation, Parties and counsel shall complete a Post Mediation Survey found on the District's ADR webpage. The survey is meant to track participant satisfaction and shall not include any details of the substance of the case or mediation.

## VII.    FEES AND MEDIATOR COMPENSATION

a.    The Court itself does not charge or administer fees for mediation.

b.    CDRC services are offered for a nominal administrative fee or the non-profit's sliding scale depending on the type of case and services provided.

c.    **Initial Session**: Court Roster Mediators shall not be compensated for the first ninety (90) minutes of the initial mediation session under the Program. Mediators shall also not be compensated under the Program for preparation time or administrative tasks. Unless otherwise provided in these rules or agreed upon by the parties in writing, the Mediator's fee structure shall as set forth in the Program's Mediation Fee Agreement.

d.    **Mediation Fee Agreement**: At or any time prior to the beginning of the initial in-person mediation session, the Parties, counsel and the Mediator shall enter into a Mediation Fee Agreement, which shall be in the form accompanying these Rules, except as otherwise agreed to in writing by the Parties, counsel, and the Mediator.

e.      Unless otherwise agreed to by the Parties, counsel and the Mediator in a signed writing, mediation continued beyond the first ninety (90) minutes of the initial mediation session will be billed by the Mediator at a rate of $400/hour (unless a different amount is identified in another specific court sponsored mediation program) to be split evenly among the Parties who continue the mediation beyond the first ninety (90) minutes of the initial mediation session, subject to any indigency exception set forth herein.

f.      At the expiration of the first ninety minutes of the initial session as previously defined, any party may elect not to continue with the mediation, which decision must be immediately communicated orally or in writing to the Mediator and all parties. In such situation, despite the fact that one or more parties have opted out of mediation, mediation can continue as to those parties desiring to continue, to the extent that the mediation can be meaningful without participation by the party or parties that opted out.

g.      Co-Mediation: When a case is co-mediated by two appointed Court Roster Mediators, the Mediators shall split the set hourly rate.

## VIII.   PARTICIPATING IN MEDIATION

a.      Party Participation: Parties are required to attend all mediation sessions. The Mediator has the discretion to allow remote participation in mediation.

b.      Attorney Participation:  Parties are strongly encouraged to participate in mediation with counsel.

c.      Non-Party Participation: If a non-party is invited to participate in the mediation, which participation must be agreed to by the Parties and the Mediator, the Mediator shall obtain the participating non-party's written consent as to confidentiality and any other matters requested by the Parties, as facilitated by the Mediator.

d.      Opting-Out: A case otherwise subject to mediation may be exempted from such mediation upon a showing of good cause. A party seeking an exemption shall apply for leave of Court to be exempted. Failure to seek an exemption in this manner shall constitute a waiver of any objection to the mediation referral. If the court grants leave to "Opt Out" from referral to mediation, then the case shall not proceed to mediation at that time.

e.      Compliance: Failure to comply with these rules may subject the offending party or attorney to sanctions, including but not limited to sanctions under CPLR §3126 and Rules of the Chief Administrative Judge PART 130. Costs And Sanctions.

## IX.    CONFIDENTIALITY

a.      Mediation with a Court Roster Mediator shall be confidential and, except as otherwise provided, any document prepared, or communications made, by Parties, their counsel or a Mediator for, during, or in connection with the proceeding shall not be disclosed outside its confines by any participant. No Party to the proceeding shall, during the action referred to

6

11 of 14

mediation or in any other legal matter, seek to compel production of documents, notes, or other writings prepared for or generated in connection with mediation, or the testimony of any other party or the Mediator concerning communications made during the proceeding. A settlement, in whole or in part, reached during mediation shall be set forth in a writing signed by all parties affected or their duly authorized agents. Documents and information otherwise discoverable under New York Law shall not be shielded from disclosure merely because they are submitted or referred to in mediation.

b.    Notwithstanding these confidentiality provisions, communications and information may be subject to disclosure in any present or future judicial or administrative proceeding in any of the following circumstances:

    i.    Attendance: Whether the parties and their counsel attended the initial session will be reported to the court.

    ii.    Session Information: The Mediator may report to the Court whether the Parties are requesting additional mediation sessions as well as the date of any mediation session.

    iii.    Waiver: Parties to the mediation and the Mediator may agree to waive confidentiality. The waiver must specify the individual communication(s) or information that will be disclosed, the person or entity to whom the disclosure will be made, and the purpose of the disclosure. All waivers shall be in writing.

    iv.    Written Agreement: A writing signed by all the Parties embodying a negotiated agreement submitted to the Court for review. Only those signed agreements that have become court orders or decrees may be admissible in any present or future judicial or administrative proceeding.

    v.    Threats of Imminent, Serious Harm: If a communication or information constitutes a credible threat of serious and imminent harm, either to the speaker or another person or entity, the appropriate authorities and/or the potential victim may be notified.

    vi.    Allegations of Child Abuse or Neglect: If a communication or information relates to an allegation of child abuse or neglect as defined in Family Court Act §1012 (e) and (f) and Social Services Law §412 , and for which disclosure is required pursuant to Social Services Law §413, appropriate authorities may be notified.

    vii.    Mediation Survey: The mediation survey may be disclosed to the Administrative Judge or applicable ADR Coordinator as set forth above, including for purposes of determining whether to re-certify a Mediator to a Roster or whether to remove a Mediator from a Roster.

    vii.    Unprofessional Conduct: A party, counsel to a party, or the Mediator, may report to an appropriate disciplinary body any unprofessional conduct engaged in by the Mediator or counsel to a party.

    viii.    Collection of Fees: The Mediator may make general references to the fact of the mediation services rendered in any action to collect an unpaid, authorized fee for services performed under these Rules.

7

## X.     MEDIATORS

a.     Qualifications

     i.     The Administrative Judge shall establish, and the District ADR Coordinator shall maintain, a roster of trained mediators ("The Roster") for the Program which shall be available on the applicable Court or Part website within the District. To be eligible to join the Roster as a Mediator, a person shall satisfy the training and experience requirements of PART 146. Guidelines For Qualifications and Training of ADR Neutrals Serving On Court Rosters | NYCOURTS.GOV of the Rules of the Chief Administrative Judge as follows:

    1.     All Court Roster Mediators shall have received at least:
      a.     24 hours of basic mediation training;
      b.     16 hours of additional training in the specific mediation techniques applicable to specific subject areas of the types of cases referred to them;
      c.     Any additional training or experience required in another specific court sponsored mediation program.
    2.     All Court Roster Mediators shall have recent experience mediating actual cases in the subject area of the types of cases to be referred to them. Mediation experience can be achieved by:
      a.     Mediating at least three (3) Court cases which were filed within a State or Federal Court in New York, or
      b.     Completing a Court Mediation Apprenticeship, which shall include:
        i.     Observing at least one (1) mediation, regardless of case type;
        ii.     Co-mediating three (3) Court cases in the subject area of the types of cases to be referred to them;
        iii.     Debriefing all observations and mediations with a court roster mediator or ADR Program Contact; and
        iv.     Evaluation by a court roster mediator or ADR Program Contact.
      c.     All Court Roster Mediators must receive six hours of approved Continuing Legal Education either in relevant substantive law or the mediation of disputes relevant to their practice areas.
      d.     Fulfillment of these requirements does not guarantee acceptance onto the Roster. Final placement on a Roster or continuation on a Roster is in the discretion of the District Administrative Judge under Part 146 of the Rules of the Chief Administrator.

b.     Immunity

     i.     The Mediator shall be immune from suit as a result of any conduct or omission made during performance of duties in that official capacity to the extent permissible by law and shall be held harmless and indemnified against any costs incurred by the Mediator in connection with any claim based on such actions or omissions to the extent permitted by applicable law, including Public Officer's Law Section 17.

c. **Avoiding Conflicts of Interest**:

    i.    Before accepting an appointment as a Mediator, and within 72 hours of being contacted for possible retention for Mediation to mediate a case under these Rules, a Mediator shall make an inquiry that is reasonable under the circumstances to determine whether there are any known facts that a reasonable individual would consider likely to affect the impartiality of the Mediator, including a financial or personal interest in the outcome, and an existing or past relationship with a party or their attorneys or foreseeable participant in the mediation. If the Mediator wishes to accept an appointment after discovering a potentially disqualifying fact, the Mediator shall disclose the disqualifying fact to the Parties and shall not serve unless the Parties consent thereto in writing. If, after accepting a case, a Mediator learns of any disqualifying fact, the Mediator shall disclose it to the Parties as soon as practicable. If such conflict is not waived by the Parties, or if, such conflict might reasonably be viewed as undermining the integrity of the mediation, the Mediator shall withdraw and notify the parties and the Court.

d. **Quality Assurance**

    i.    The District ADR Coordinator shall develop and promulgate consistent practices for ensuring mediator quality and fitness. Such practices may include, but are not limited to:

        1.    Observing mediators periodically;
        2.    Providing and/or requiring continuing education relevant to mediating cases;
        3.    Debriefing cases with mediators.

    ii.    Any Roster mediator or prospective mediator may be observed at any time by the District ADR Coordinator, the County ADR Coordinator, or staff of the NYS Unified Court System's Statewide ADR Office, before appointment on the Roster or to remain on the Roster.

e. **Mediator Standards of Conduct**

    i.    Mediators on court approved rosters must adhere to the Standards_of_Conduct to be established or adopted by the Office of Court Administration in conducting their mediations.

**XI.**    **DISTRICT ADR COORDINATOR**

a.    The District ADR Coordinator shall oversee the administrative requirements of the Program, which includes but is not limited to:

    i.    Monitoring all proceedings referred to mediation;
    ii.    Providing information to the Court on the status of cases referred to mediation;
    iii.    Maintaining statistical data on the Program.

                              **Honorable Anne E. Minihan**
                **Administrative Judge, Ninth Judicial District**

                                  10/2024 Version