UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPITAL ONE,

                Plaintiffs,

   -against-

SANDRA D. BELL,

                Defendants.

25-CV-7159 (JGLC)

**ORDER OF REMAND**

JESSICA G. L. CLARKE, United States District Judge:

On August 27, 2025, Defendant, proceeding *pro se*, filed a notice of removal of this action from the Supreme Court of the State of New York, Orange County, asserting removal was proper on the basis of federal question jurisdiction. *See* ECF No. 1.

On September 22, 2025, the Court ordered Defendant to show cause in writing why this case should not be remanded to state court due to her failure to allege the existence of a federal question on the face of Plaintiff's "well-pleaded complaint." *See* ECF No. 11 (citing *Flynn ex rel. Moody's Corp. v. McDaniel*, 689 F. Supp. 2d 686, 690 (S.D.N.Y. 2010) (internal citation and quotation marks omitted)). The Court warned that if Defendant did not show good cause by October 6, 2025, the Court would remand the case. *Id*.

On October 6, 2025, Defendant responded to the Court's Order to Show Cause. *See* ECF No. 13. In her letter, Defendant cited an underlying dispute with Capital One and her own communications with Plaintiff as the basis for federal question jurisdiction. *Id.*

The Court finds Defendant's allegations insufficient to establish subject matter jurisdiction over this claim. "To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). Federal question jurisdiction requires that "the

*plaintiff's statement* of his own cause of action shows that it is based upon those laws [of the United States] or that Constitution." *Id.* (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (emphasis added). District courts must remand cases when, "at any time before final judgment[,] it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447; *see also Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) (citations omitted). As Defendant acknowledges in her letter, the complaint at issue in this case is "styled as a breach of contract" and lacks federal claims. ECF No. 13 at 1. Even if Ms. Bell alleges affirmative defenses or counter claims on the basis of federal statutory rights, it is insufficient to establish subject matter jurisdiction with this Court. *Rosenberg v. Shemiran Co., LLC*, 2020 WL 550278, at *3 (S.D.N.Y. Feb. 3, 2020) ("[R]emovability is assessed by reviewing the four corners of a plaintiff's complaint, and a defendant's counterclaim or affirmative defense is not part of a plaintiff's properly pleaded statement of his claim." (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)); *see also Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019).

Defendant also requests alternative relief in the form of "the opportunity to file a separate federal complaint to vindicate [her] federal rights," together with a stay of or consolidation with the instant proceedings. ECF No. 13 at 2. The Court denies the requested relief as improper. Defendant does not require leave from this Court to file a separate lawsuit asserting her rights in federal court, although she must comply with the relevant procedural rules and substantive law. *See Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009). This Court lacks the power to consolidate proceedings that are not within its jurisdiction. Finally, although not within the Court's power to grant or deny here, Defendant should note that federal injunctions for state court proceedings are exceedingly "rare" under the Anti-Injunction Act and

its three "narrow" exceptions. *See Smith v. Bayer Corp.*, 564 U.S. 299, 302, 306 (2011) (citations omitted); 28 U.S.C. § 2283.

In light of the foregoing, it is hereby ORDERED that the case is remanded to the Supreme Court of the State of New York, Orange County. The Clerk of Court is directed to terminate ECF No. 13 and close the case.

SO ORDERED.

Dated: October 28, 2025
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge